WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean G Cameron,<br><br>    Plaintiff,<br><br>v.<br><br>Avalon Mobility Incorporated, et al.,<br><br>    Defendants. | No. CV-15-00963-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Amend Answer ("Motion to Amend," Doc. 62). The Court now rules on the motion.

**I.    BACKGROUND**

On December 14, 2017, Defendant filed the pending Motion to Amend (Doc. 62). Plaintiff filed a timely Response (Doc. 64) on December 28, 2017. Defendant then filed a Reply (Doc. 65) on January 4, 2018.

On January 25, 2018, Defendant Avalon Mobility Incorporated filed a Notice (Doc. 68) that the company filed bankruptcy. On the same day, Defendant also provided notice that Defendant Scott Huffman is deceased. (Doc. 69). As per the Court's resulting Order (Doc. 70), the instant order will only apply to Defendant Brenda Huffman.

Defendant's Motion to Amend follows the Court's Order (Doc. 59) denying the parties' Cross-Motions for Summary Judgment issued on August 21, 2017. The Court went through the background facts of this case in its previous Order (Doc. 59), so it will not repeat them all here. (*See* Doc. 59 at 1-4). The Court will discuss other relevant facts

1 as necessary in the body of this Order.

In the pending motion, Defendant seeks to change several factual allegations within her Answer. (Doc. 62 at 3-4). Additionally, Defendant seeks to augment her affirmative defenses by referencing provisions under 29 C.F.R. § 541, which explain how the administrative and/or managerial exemption should be interpreted when an employee has multiple or related duties. (Doc. 62 at 3). Furthermore, Defendant seeks to add the Motor Carrier Exemption, as governed by 29 C.F.R. § 782, to her list of affirmative defenses. (Doc. 62 at 3). Although not clearly stated in her original motion, Defendant also seeks to amend her prayer for relief to include a request for attorney's fees. (Doc. 62-1 at 4:25-26).

## II. MOTION TO AMEND

Generally, Federal Rule of Civil Procedure ("Rule") 15(a) governs a motion to amend pleadings to add claims or parties. However, Rule 16 also applies because Defendant filed her request to amend after the Rule 16 Scheduling Order deadline for amendments passed. With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will evaluate Plaintiff's motion first under Rule 16, and then, if necessary, under Rule 15(a).

### A. Rule 16

#### 1. Legal Standard

Under Rule 16, a scheduling order "may be modified only for good cause and

with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609 (citing 6A Wright, Miller & Kane, *Federal Practice and* Procedure § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted).

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (citations omitted).

2. **Discussion**

Defendant argues that she was diligent in seeking this amendment and thus satisfies the Rule 16 "good cause" standard. (Doc. 65 at 2-3). Defendant, however, did not file her motion to amend until sixteen months after the August 12, 2016 deadline set by the Court's Rule 16 Scheduling Order. (*See* Doc. 34 at 2). Defendant further alleges that this delay was justified because Plaintiff did not reveal that his primary job responsibility was operating a forklift until March 10, 2017. (*See* Doc. 65 at 2). Even accepting this allegation as true, Defendant admits that she was on notice concerning Plaintiff's primary job responsibilities for at least nine months prior to filing the instant motion to amend. While the Court understands that Defendant's former counsel encountered a medical issue necessitating a change of counsel, obtaining new counsel cannot justify the sixteen month delay when Defendant concedes that she was on notice

of the issue since at least March 10, 2017. *See Yazzie v. Mohave Cty.*, 2015 WL 7567488, at *7 (D. Ariz. Nov. 25, 2015) (citing *Johns v. Autonation USA Corp.*, 246 F.R.D. 608, 610 (D. Ariz. 2006) ("denying a motion requesting an extension of time where only explanation for delay was substitution of counsel and new counsel waited four months to request extension")); *see also Modus LLC v. Encore Legal Sols. Inc.*, 2014 WL 1493000, at *4 (D. Ariz. Apr. 16, 2014) (denying an untimely motion to amend where the moving party argued that delay was due to the retention of new counsel, but failed to appropriately address the "months that passed" prior to the retention of new counsel).

Moreover, as the Plaintiff's former employer, Defendant failed to explain why she did not have access to information concerning Plaintiff's job responsibilities from the start of litigation. Because Defendant was in the position to classify her employees as exempt or non-exempt, it stands to reason that she would have access to information relating to Plaintiff's job responsibilities necessary to make such a determination. Nevertheless, even if Defendant was unable to obtain this information outside of the formal discovery process, Defendant was put on notice that Plaintiff used a forklift through Plaintiff's deposition on August 9, 2016. (*See* Doc. 46-2 at 10).

Additionally, Defendant relies upon Plaintiff's First Supplemental Disclosure Statement (Doc. 65-1)—submitted on the last day of discovery, March 10, 2017—to support her argument that Plaintiff did not previously claim his primary responsibilities included manual labor or the operation of a forklift. (*See* Doc. 65 at 2). Plaintiff, however, did describe his duties on August 3, 2016 in his responses to interrogatories as follows:

> Plaintiff was responsible for opening the warehouse, *loading and unloading trucks in the warehouse*, cleaning out trucks and crates, preparing crates to be reused, cleaning paint off of crates, repainting information on the crates, and writing up tags for items documenting any scratches or dents on the items.

(Doc. 65-2 at 4) (emphasis added). Although Plaintiff did not use the precise term "manual labor," loading and unloading trucks clearly falls within that category of

activities. *Id.*; *see, e.g.*, *Bargas v. Rite Aid Corp.*, 245 F. Supp. 3d 1191, 1205 (C.D. Cal. 2017) ("manual labor, such as stocking shelves, cleaning, unloading the truck"); *Hamilton v. Genesis Logistics, Inc.*, CV 13-01848 DDP VBKX, 2013 WL 3168373, at *1 (C.D. Cal. June 20, 2013) ("manual labor, such as moving inventory, loading trucks"). Consequently Defendant had actual or constructive knowledge that Plaintiff both performed manual labor (Doc. 65-2 at 4) and that he used a forklift (Doc 46-2 at 10) prior to the August 12, 2016 deadline to amend. Accordingly, the Court finds that Defendant failed to demonstrate the requisite diligence and thus does not satisfied the "good cause" requirement of Rule 16 to amend her affirmative defenses within her Answer at such a late stage in the proceedings.

Furthermore, Defendant seeks to change several factual allegations within her Answer and also seeks to amend her prayer for relief to include a request for attorney's fees. (Doc. 65). Defendant offer little to no explanation as to why she failed to amend these components of her Answer during the time period set forth by the Scheduling Order. Accordingly, with respect to these additional requests, Defendant likewise fails to meet the "good cause" requirement of Rule 16. *See Ticktin v. Carole Fabrics*, 2007 WL 38330, at *1 (D. Ariz. Jan. 5, 2007) ("[A] court may deny a motion to modify a scheduling order where the moving party fails to demonstrate diligence in complying with the order and fails to show good cause for the modification.").

### B. Rule 15

Defendant failed to demonstrate the diligence necessary to meet Rule 16's "good cause" requirement, therefore, the Court declines to exercise its discretion to modify the Rule 16 Scheduling Order and an analysis under Rule 15(a) is unnecessary. *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (holding that the Court need not evaluate Rule 15(a) unless the movant first meets the "good cause" requirement of Rule 16). Accordingly, Defendant's Motion to Amend (Doc. 62) is denied.

### III. PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

In Plaintiff's Response (Doc. 64), Plaintiff asks the Court to award reasonable

attorney's fees for responding to Defendant's Motion to Amend. (Doc. 64 at 7-8).[1]

## A. Legal Standard

"A court may also apply fee sanctions against attorneys or parties who engage in frivolous or vexatious litigation pursuant to 28 U.S.C. § 1927 or Federal Rule of Civil Procedure 11." *Sternberger v. Gilleland*, CV-13-02370-PHX-JAT, 2014 WL 3809064, at *11 (D. Ariz. Aug. 1, 2014) (citing 28 U.S.C. § 1927; Fed. R. Civ. P. 11(b)-(c)). "Awards of attorney['s] fees under 28 U.S.C. § 1927 are not frequently made." *Wight v. Achieve Human Servs., Inc.*, 2:12-CV-1170 JWS, 2012 WL 4359078 (D. Ariz. Sept. 21, 2012). Section 1927 sanctions "must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purposes of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). In the Ninth Circuit, "section [1927] authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).

## B. Analysis

Here, while the Court observes that Defendant's motion was brought long after the Scheduling Order deadline, Plaintiff does not sufficiently allege evidence of bad faith in his request for attorney's fees. *See New Alaska Dev. Corp.*, 869 F.2d at 1306.[2]

---

[1] Although Plaintiff does not specify the specific grounds by which he believes he is entitle to attorney's fees, the Court will construe the request under 28 U.S.C. § 1927 because Plaintiff argues that Defendant's motion was brought in "bad faith." (Doc. 64 at 5, 7); *see also Frye v. Pena*, No. CIV. 97-10 TUC RMB, 1997 WL 659817, at *3 (D. Ariz. Oct. 2, 1997), *aff'd*, 199 F.3d 1332 (9th Cir. 1999) (holding that a court may award fee-shifting sanctions under § 1927 upon a finding that a motion was filed in bad faith).

[2] When this Court issued its Summary Judgment Order (Doc. 59), the Court found that because Defendant did not assert the Motor Carrier Exemption as an affirmative defense in her Answer, she was precluded from doing so at the summary judgement stage. In filing her Motion to Amend, it appears that Defendant was trying to cure the omission that prohibited her from arguing the Motor Carrier Exemption in her Motion for Summary Judgement (Doc. 47), and in turn prohibits her from arguing the affirmative defense at trial. Although unsuccessful, the Court does not find that such an attempt is the product of bad faith without additional evidence of evil intent.

Accordingly, Plaintiff's request for attorney's fees for responding to Defendant's Motion to Amend is denied.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion to Amend (Doc. 62) is **DENIED**. The Clerk of Court shall not enter judgment at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Attorney's Fees (Doc. 64) is also **DENIED**.

Dated this 5th day of February, 2018.

*James A. Teilborg*
Senior United States District Judge